UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONNA ANN SEAMAN**,
as Personal Representative of
the Estate of Shaun Seaman,

    Plaintiff,

v.                                                          Case No. 8:23-cv-1060-WFJ-MRM

**DETENTION DEPUTY MARC
FLEURJEAN**, individually;
**DETENTION DEPUTY JONATHAN
MORALES**, individually;
**DETENTION DEPUTY CHRISTOPHER
COVEY**, individually;
**DETENTION DEPUTY JESSE
LOVELACE**, individually;
**DETENTION DEPUTY JASON
FAIN**, individually;
**DETENTION DEPUTY JOHN
VIVIANO**, individually;
**DETENTION DEPUTY RONALD
HENSLEY**, individually;
**SHERIF GRADY JUDD**,
official capacity;
**LYNN BROOM, RN**,
individually;
**ARLENE BISHOP**,
individually;
**CORIZON HEALTH**,

    Defendants.
_____/

## **ORDER**

Before the Court is Defendant Lynn Broom's Motion to Dismiss Count VIII of Plaintiff Donna Seaman's Complaint (Dkts. 13 & 1). Ms. Seaman has filed a response in opposition (Dkt. 14). Upon careful consideration, the Court denies Ms. Broom's Motion.

## **BACKGROUND**[1]

On May 12, 2021, the Polk County Sheriff's Department took Shaun Seaman into custody and placed him on suicide watch in the S Medical Building of the South County Jail. Mr. Seaman was roomed with three other inmates, including a man named John Smith who the Polk County Sheriff's Department recognized as a danger to others. All inmates on suicide watch were to be checked on every fifteen minutes.

On May 13, 2021, Defendant Lynn Broom was working with Defendant Deputy Jonathan Morales in the S Medical Building distributing medication to inmates on suicide watch. When Ms. Broom and Deputy Morales approached Mr. Seaman's cell, they observed Mr. Smith standing on the neck of another inmate. Mr. Seaman was laying face down on the floor with something covering his head at that time. Deputy Morales, assisted by Defendant Deputies Jason Fain and John Viviano, removed Mr. Smith and the other inmate. No one checked on Mr. Seaman.

---

[1] The Court recounts the facts as alleged in Ms. Seaman's Complaint. *See* Dkt. 1 at 8–13.

Four hours later, at approximately 7:40 p.m. on May 13, 2021, Defendant Deputy Christopher Covey asked another inmate to check on Mr. Seaman. He was discovered unresponsive and bloody. Mr. Seaman was subsequently transported to a hospital where he succumbed to his injuries approximately one week later. An autopsy later ruled Mr. Seaman's death a homicide—he had sustained blunt force trauma to his head, resulting in a skull fracture and multiple brain contusions.

On May 12, 2023, Ms. Seaman, as the personal representative for Mr. Seaman's estate, filed the instant suit. Dkt. 1. Among other things, Ms. Seaman brings a 42 U.S.C. § 1983 claim against Ms. Broom alleging that she deprived Mr. Seaman of his substantive and procedural due process rights through deliberate indifference to his medical needs. *Id.* at 29–32. Ms. Broom now moves to dismiss this claim. Dkt. 13.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## DICSUSSION

It is well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under [section] 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).[2] A plaintiff seeking to prove deliberate indifference carries three burdens:

> First, she must satisfy the objective component by showing that she had a serious medical need. Second, she must satisfy the subjective component by showing that the prison official [or agent] acted with deliberate indifference to her serious medical need. Third, as with any tort claim, she must show that the injury was caused by the defendant's wrongful conduct.

*Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citations omitted). "A medical need that is serious enough to satisfy the objective component is one that has been diagnosed by a physician . . . or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citations and internal quotations omitted). The subjective component is satisfied where a plaintiff shows: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [and] (3) conduct that is more than gross negligence." *Id.* (cleaned up) (citations and

---

[2] "Although the Eighth Amendment prohibitions against cruel and unusual punishment do not apply to pretrial detainees[,]" the Eleventh Circuit has held that[,] "in regard to providing pretrial detainees with such basic necessities as . . . medical care[,] the minimum standard allowed by the Due Process Clause [of the Fourteenth Amendment] is the same as that allowed by the Eighth Amendment for convicted persons." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994) (cleaned up) (citations and internal quotations omitted).

internal quotations omitted). The final component simply requires "that a defendant have a causal connection to the constitutional harm." *Id.* (citation omitted).

This being the case, Ms. Seaman has plausibly stated a claim for deliberate indifference against Ms. Broom. Blunt force trauma resulting in a skull fracture and multiple brain contusions qualifies as an injury so obvious that any reasonable person would have recognized the necessity for medical attention. On the facts alleged, moreover, it is plausible that Ms. Broom had subjective knowledge of a risk of serious harm that she recklessly or intentionally disregarded. Mr. Seaman was allegedly face down with his head covered when Ms. Broom arrived at his cell and witnessed a dangerous inmate standing on another inmate's neck. Ms. Broom did not check on Mr. Seaman to see if he had been a victim of the violence taking place in his cell, nor did she send anyone else to. She simply left while he suffered from a traumatic brain injury. Because of this, medical help was not rendered for four hours.

While the Court recognizes that inferences favorable to Ms. Broom could also be drawn from the facts alleged, this is no reason to dismiss Ms. Seaman's claim against her. Count VIII is probable on its face. Nothing more is required at the motion to dismiss stage. *See Iqbal*, 556 U.S. at 678. Ms. Broom may reassert her position upon a developed record.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Ms. Broom's Motion to Dismiss (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on August 1, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record